UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL HASKINS,

                        Plaintiff,

            vs.                                  No. 5:05-CV-292

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

OLINSKY & SHURTLIFF                    HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
Suite 520
300 South State Street
Syracuse, New York 13202

HON. ANDREW T. BAXTER              WILLIAM H. PEASE, ESQ.
United States Attorney                     Assistant United States Attorney
Northern District of New York
Attorney for Defendant
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-5165

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

        Plaintiff Michael Haskins ("plaintiff") seeks judicial review pursuant to 42 U.S.C. § 405(g) of a decision made by the Commissioner of the Social Security Administration (the "Commissioner") to deny him Disability Insurance Benefits ("benefits"). United States

Magistrate Judge Randolph F. Treece (the "Magistrate Judge") issued a Report-Recommendation to affirm the Commissioner's decision. Plaintiff objects to the Magistrate Judge's recommendation.

Plaintiff raises a number of arguments in support of his objection to the Magistrate Judge's recommendation. First, plaintiff contends the Administrative Law Judge (the "ALJ") who evaluated his initial application for benefits improperly relied upon testimony from the Vocational Expert (the "VE") because he failed to ask the VE to resolve the inconsistency between her testimony and the Dictionary of Occupational Titles (the "DOT"). Second, plaintiff argues that the VE's testimony with regard to plaintiff's ability to work as a "surveillance system monitor" was unreliable because of substantial changes to surveillance systems since the DOT entry was last updated. Third, plaintiff submits that the VE was not qualified to testify as an expert because her qualifications were not stated on the record for the administrative hearing. The Magistrate Judge's Report-Recommendation is reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

Plaintiff claims a disability due to bilateral carpal and cubital tunnel syndrome. On October 8, 2002, plaintiff applied for benefits with the Social Security Administration. Plaintiff's application was denied, and a hearing was held on May 14, 2004, before ALJ Craig DeBernardis to evaluate the denial of plaintiff's application. The ALJ found that plaintiff was not disabled because there were a significant number of jobs existing in the national and regional economies of which he was capable of performing. The Appeals Council denied plaintiff's request for review on May 28, 2004, thereby exhausting all available administrative remedies. On March 7, 2005, plaintiff challenged the denial of benefits made by the

Commissioner. On September 11, 2008, the Magistrate Judge recommended that the Commissioner's decision to deny plaintiff benefits be affirmed.

## III. DISCUSSION

### A. Eligibility for Disability Benefits

Disability benefits claimants must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant's ability to perform *some* kind of substantial gainful work is not necessarily fatal to his application for benefits, however. See 42 U.S.C. § 423(d)(2)(A). Rather, the gainful work must also exist "in significant numbers either in the region where such individual lives or in several regions of the country." Id. Upon evaluation of the Commissioner's determinations, the ALJ must evaluate whether substantial evidence supports the Commisioner's findings. See Rivera v. Sullivan, 923 F.2d 954, 967 (2d Cir. 1991); Urtz v. Callahan, 965 F. Supp. 324, 325-26 (N.D.N.Y. 1997) (citing, *inter alia*, Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987)).

### B. Objection to the Magistrate Judge's Report-Recommendation

Pursuant to 28 U.S.C. § 636(b)(1), "a judge of the court shall make a *de novo* determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1). Plaintiff's objections to the Magistrate Judge's Report-Recommendation are limited to three specific areas: (1) the determination that the ALJ's reliance on the erroneous portions of the VE's testimony was harmless error; (2) the finding that the ALJ properly concluded plaintiff was not disabled because there were a sufficient number of employment opportunities he was

capable of performing; and (3) the determination that the VE was properly qualified as an expert witness.

### 1. **The Erroneous Portions of the VE's Testimony**

Plaintiff argues the VE incorrectly classified the jobs of information clerk and storage clerk as sedentary work contrary to the DOT's classification of such jobs as light work.  The DOT serves as a reference guide for the "tasks to be performed and the levels of education that must be achieved" for various occupations within the American workforce. See United States Dep't of Labor, Dictionary of Occupational Titles, Preferatory Note (4th ed. 1991).  Plaintiff takes issue with the ALJ's failure to inquire whether the VE's opinion was in conflict with the DOT, and if so, to ask for a reasonable explanation for the conflict. See Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *4 (S.S.A. 2000) (establishing an affirmative duty for the ALJ to ask the VE if she has provided evidence in conflict with the DOT and to obtain a reasonable explanation for any inconsistency).

The Magistrate Judge agreed that the VE's testimony with respect to the jobs of information clerk and storage clerk were indeed inconsistent with the DOT.  Further, pursuant to SSR 00-4p, the ALJ must inquire with the VE and resolve such an inconsistency in order to rely upon the VE's classification despite the contrary classification in the DOT.  As a result, the Magistrate Judge determined the ALJ was not entitled to rely on these classifications. Some portions of the VE's testimony were consistent with the DOT, however, including the VE's classification of surveillance system monitor as sedentary work.  Notably, plaintiff does not challenge the VE's classification of the surveillance system monitor job.  Further, the VE testified that a person of plaintiff's age, vocational and educational background, and physical capabilities could perform the work of surveillance system monitor.

In light of the consistency between the VE's classification of surveillance system monitor and the DOT, the ALJ properly relied upon the VE's testimony with respect to that occupation. Although it was improper for the ALJ to rely upon the VE's testimony concerning the jobs of information clerk and storage clerk, this error would not disturb the ALJ's finding that plaintiff was not disabled as defined within the Social Security Act so long as there were a sufficient number of jobs of surveillance system monitor within the region where he lived or in several regions of the country. See 42 U.S.C. § 423(d)(2)(A). Therefore, the Magistrate Judge properly concluded the ALJ's reliance on the erroneous portions of the VE's testimony was harmless error.

## 2. **Employment Opportunities as a Surveillance System Monitor**

Plaintiff contends that the VE failed to consider how the DOT entry for the job of surveillance system monitor is outdated in light of the changes to surveillance implemented after the terrorist attacks of September 11, 2001. In support of this argument, plaintiff explains that the DOT definition for surveillance system monitor has not been updated since 1986. He contends that it was improper for the ALJ to rely upon the VE's testimony because the VE did not consider the changes to surveillance system monitor jobs and that his skill set does not rise to the level required for the position.

Despite his argument that the DOT entry is outdated, plaintiff fails to explain how, if at all, the surveillance system monitor position has changed after September 11, 2001. Additionally, although plaintiff describes his educational level, he in no way explains how his educational background is insufficient for work as a surveillance system monitor. He fails to mention any of the educational requirements of the position and offers nothing more than his own conclusion that the position has changed and that his educational level is inadequate for

the job of surveillance system monitor. See Pl's. Objection to Report-Recommendation, 4, Dkt. 13.  Therefore, his argument as to the alleged changes to the position since September 11, 2001, and his educational level will be rejected.

Plaintiff also argues that the VE's testimony was unreliable because she used a different job title to identify the occupation referred to in the Magistrate Judge's Report-Recommendation as surveillance system monitor.  Instead of the term, "surveillance system monitor," the VE identified the job as an "alarm systems monitor."  Plaintiff points out that there is no job title within the DOT for alarm systems monitor and suggests the VE may have been describing the job of "protective signal operator."  With respect to this other occupation, plaintiff explains he was not capable of working as a protective signal operator because it is listed as a semi-skilled position and requires six to twelve months to learn.

Despite the use of a different job title, plaintiff's suggestion that the VE intended to identify the job of protective signal operator instead of surveillance system monitor is inconsistent with her testimony before the ALJ.  Although she described the job as "alarm systems monitor," the VE identified the job under DOT code number 379.367-010–the same code number for surveillance system monitor. Admin. Tr., 86-87, Dkt. 6.  The VE also testified that the work required of that position was sedentary and included a Specific Vocational Preparation level of two, both of which were consistent with the DOT entry for surveillance system monitor and inconsistent with the DOT entry for protective signal operator.  As a result, the Magistrate Judge properly declined to attribute any significance to the VE's use of a different title for the job of surveillance system monitor.

Additionally, plaintiff contends the VE improperly included private sector jobs when calculating the number of surveillance system monitor positions existing in the national and

regional markets. Plaintiff explains that the DOT code for surveillance system monitor has an industry designation of government service. He argues that the industry designation of government service indicates employment by any one of the various government agencies. According to plaintiff, the VE's testimony is not credible because she used surveillance system monitor jobs within the private sector for her determination as to the number of surveillance system monitor jobs available.

The Magistrate Judge did not specifically address the VE's use of private sector surveillance system monitor jobs when calculating the number of positions in the national and regional labor markets. Instead, the Magistrate Judge concluded that the number of jobs identified by the VE for the surveillance system monitor position constituted a significant number of jobs in the national and regional economy, and therefore he found the ALJ properly determined that plaintiff was not disabled because there were sufficient opportunities for work that he could perform.

Courts have generally established a low threshold for showing that a significant number of jobs exist within the regional economy. See, e.g., Lee v. Sullivan, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 jobs in a given metropolitan area was significant); Trimiar v. Sullivan, 996 F.2d 1326, 1330-32 (10th Cir. 1992) (850 to 1,100 jobs in plaintiff's state was significant); Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1479 (9th Cir. 1989) (holding that even if plaintiff's argument for reducing the number of jobs within his county was accepted, the resulting 1,266 jobs would be significant); Jenkins v. Bowen, 862 F.2d 1083, 1087 (8th Cir. 1988) (500 jobs within plaintiff's region was significant); Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (174 jobs within plaintiff's local economy was significant). Although courts have refused to draw a bright line, see Trimiar, 966 F.2d at 1330, the above

examples offer guidance as to the number of jobs necessary to constitute work which exists in significant numbers for purposes of determining whether a plaintiff is disabled.

In light of the VE's findings that 145,000 surveillance system monitor jobs exist in the national economy and 1,050 such jobs exist in the regional economy, the ALJ applied the correct legal standards and his factual findings were supported by substantial evidence. The number of surveillance monitor jobs are well within the range of number of jobs that have been upheld as sufficient to determine a plaintiff was not disabled. There is no dispute as to plaintiff's capability for performing sedentary work, and plaintiff has not challenged the VE's classification of surveillance system monitor as sedentary work. Therefore, plaintiff's arguments for why the VE's testimony is not reliable will be rejected.

### 3. **The VE's Qualifications**

Plaintiff also contends that the VE's testimony is not reliable because the VE was not properly qualified as an expert pursuant to Social Security Administration standards. Plaintiff cites to page 11 of the Social Security Administration's Vocational Expert Handbook which states that all vocational experts must possess "up to date knowledge of, and experience with, industrial and occupational trends and local labor market conditions." He argues that the ALJ failed to develop the record with regard to the VE's qualifications, and as a result, there is no evidence that the VE has any knowledge or experience with plaintiff's regional labor market.

A review of the administrative transcript reveals that the VE did not testify as to her training, background, knowledge, or experience with either the trends surrounding surveillance system monitors or the labor market conditions for plaintiff's region. Oddly, a curriculum vitae for vocational rehabilitation counselor Margaret A. Preno was included within

the administrative transcript, but no curriculum vitae or other professional background materials were provided for Patricia Scutt, the VE who testified at plaintiff's administrative hearing. Admin. Tr., 37-38.  Instead, the record reveals that the ALJ presented several hypotheticals to the VE and asked her a series of questions concerning the number of different types of jobs existing in the national and regional economy, including that of surveillance system monitor. Admin. Tr., 85-87, Dkt. 6.  None of the questions called for her to discuss her qualifications.

While plaintiff accurately contends that the VE's qualifications are absent from the record,  the record nonetheless reveals that plaintiff's counsel was given the opportunity to question the VE following her answers to the ALJ's questions but declined to do so. Admin. Tr., 87.  The VE was permitted to offer her opinions without an objection as to her qualifications from either party to the proceeding.  Instead of objecting during the administrative hearing, plaintiff now raises the issue of the VE's qualifications for the first time without allowing the ALJ the opportunity to inquire into the VE's knowledge and experience. Plaintiff's failure to raise this issue before the ALJ effectively waived any challenge to the VE's qualifications, particularly in light of the opportunity he was given to question the VE after she had finished answering the ALJ's hypothetical questions.  Therefore, the omission of the VE's qualifications from the administrative record will not disturb the ALJ's decision.

## IV. CONCLUSION

Plaintiff's objections to the Magistrate Judge's Report-Recommendation must be denied because the ALJ's findings were supported by substantial evidence within the record. Although the ALJ improperly relied upon the VE's erroneous classifications of information clerk and storage clerk, reliance on these classifications was harmless error because the VE

properly classified the job of surveillance system monitor as sedentary work and there were a significant number of surveillance system monitor jobs in the national and regional economies.  With respect to his argument that the DOT entry for surveillance system monitor is outdated, plaintiff entirely fails to specify any changes to the job of surveillance system monitor since the last update to the DOT and offers no explanation of how his skill set is insufficient for the occupation's minimal requirements.  Further, although he challenges the ALJ's conclusion that a significant number of surveillance system monitor jobs exist in the national and regional economies, the VE's testimony as to the number of jobs serves as substantial evidence in support of the ALJ's determination.

Finally, despite the potential validity of his argument, consideration of the VE's qualifications is no longer warranted as plaintiff waived his challenge to the VE's background and knowledge when his counsel declined the opportunity to ask her questions and failed to state any objection during her testimony.  Accordingly, the Report-Recommendation is accepted and adopted in all respects, and it is

ORDERED that

1. The Commissioner's decision denying disability benefits is AFFIRMED.

2. The plaintiff's complaint is DISMISSED in all respects; and

3. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 25, 2008
        Utica, New York.